IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

| | |
|---|---|
| **K.M, a minor child, by her mother and next friend, TRACI HIBBARD**<br><br>**Plaintiff,**<br><br>vs.<br><br>**ANTHONY W. WOLFE, and POLARIS INDUSTRIES, INC.,**<br><br>**Defendants.** | ELECTRONICALLY FILED<br>9/20/2023<br>U.S. DISTRICT COURT<br>Northern District of WV<br><br>Case No.:  1:23-cv-74 Kleeh |

## DEFENDANT POLARIS INDUSTRIES, INC.'S NOTICE OF REMOVAL

COMES NOW Defendant Polaris Industries, Inc. ("Polaris" or "Defendant"),[1] pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby files its Notice of Removal of this case from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia at Clarksburg.

As is more fully set forth below, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.* because: (1) Defendant has satisfied the procedural requirements for removal; and (2) this Court has subject matter jurisdiction over this action. Complete diversity of citizenship exists between Plaintiff and Polaris, which is the only party defendant in this matter who has been served to date, and it is evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice, Defendant states as follows:

---

[1] Polaris Industries Inc. changed its corporate name to Polaris Inc. in July 2019.

**I.      THE STATE COURT ACTION**

1.      On August 24, 2023, Plaintiff K.M., by and through her next friend, Traci Hibbard, filed a civil action against Polaris that currently is pending before the Circuit Court of Monongalia County, West Virginia in the case styled *K.M, a minor child, by her mother and next friend, Traci Hibbard v. Anthony W. Wolfe and Polaris Industries, Inc.*, No. 23-C-260 (the "State Court Action").

2.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the docket and all process, pleadings, and orders in the State Court Action collectively are attached as **Exhibit A**.

3.      The State Court action arises from injuries Plaintiff contends she suffered when the utility task vehicle ("UTV") she was operating experienced a rollover after she came to an abrupt stop. *See* Compl. ¶¶ 11–14.

4.      Plaintiff's Complaint asserts claims against Polaris for (a) strict products liability – design defect; (b) strict products liability – manufacturing defect; (c) strict products liability – use defect; (d) breach of express warranty; (e) breach of implied warranties; (f) fraud by concealment; and (g) negligent misrepresentation. *See generally* Compl.

5.      Upon information and belief, Plaintiff served Polaris with the Complaint on or about September 18, 2023.

6.      Upon information and belief, as of the filing of this Notice, Defendant Anthony W. Wolfe has not yet been properly served.

**II.     COMPLIANCE WITH REMOVAL STATUTES**

7.      The events giving rise to Plaintiff's claims occurred in or near Cabins, Grant County, West Virginia. Accordingly, venue properly lies in the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1391(b)(2).

8.  Furthermore, the United States District Court for the Northern District of West Virginia, Clarksburg Division, is the "district and division" for actions removed from the Circuit Court of Monongalia County, West Virginia, pursuant to 28 U.S.C. §§ 129(a), 1441(a) and 1446(a).

9.  Because the Complaint was filed on September 11, 2023, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty days of the commencement of this action and therefore presumptively within thirty days after service on Polaris of a copy of Plaintiff's initial pleading setting forth the alleged claim for relief upon which the action is based.

10. Polaris is the only party defendant that has been served in this matter, and it will file the Disclosure Statement in accordance with Federal Rule of Civil Procedure 7.1.

11. Written notice of the filing of this Notice of Removal will be provided to Plaintiff, and a copy of this Notice of Removal will be filed in the Circuit Court of Monongalia County, as required by 28 U.S.C. § 1446(d).

12. This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil procedure.

13. Defendant reserves the right to amend or supplement this Notice of Removal.

### III.  REMOVAL IS PROPER

14. Removal is proper under 28 U.S.C. §§ 1332(a) and 1441 because the State Court Action represents a civil action: (a) in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (b) is between "citizens of different States" who have been served in this matter. 28 U.S.C. § 1332(a)(1). Therefore, the United States District Court for the Northern District of West Virginia at Clarksburg, possesses original jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1441.

### A. The amount in controversy exceeds $75,000.

15. Plaintiff does not seek specific amounts in her Complaint; however, the amount in controversy well exceeds the sum of $75,000, exclusive of interest and costs, that 28 U.S.C. § 1332(a) requires. *See Kohler v. State Farm Mut. Ins. Co.*, No. 5:20-CV-51, 2020 WL 6947387, at *2 (N.D. W. Va. Mar. 31, 2020) ("[W]hen the complaint's ad damnum clause does not specifically state the amount in controversy, this Court requires the removing defendant to prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount.").

16. Pursuant to Fourth Circuit jurisprudence, "[t]he key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Accordingly, the amount in controversy "is what the plaintiff claims to be entitled to or demands." *Kohler*, 2020 WL 6947387, at *3 (quoting *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D. W. Va. 2011)).

17. Plaintiff asserts that, as a result of the alleged incident, she suffered numerous, severe injuries. Compl. ¶¶ 15, 16.

18. Plaintiff further asserts that she "was caused to suffer great pain and suffering, medical expense in an attempt to effect a cure there from." Compl. ¶ 16.

19. Plaintiff further asserts that she has endured "great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of her injury, and emotional and psychological trauma." Compl. ¶ 16(d).

20. Plaintiff further asserts that she "has been, and will be required to expend large sums of money for medical attention, hospitalization, medical supplies, medical appliances, medicines and various other medical services." Compl. ¶ 16(h).

21. Plaintiff, a minor, also asserts that "[h]er earning capacity has been impaired and her earnings will be reduced." Compl. ¶ 16(a), 16(i).

22. Because Plaintiff is under the age of eighteen, there is an excess of forty-five years until she would reach retirement age.

23. In addition to compensatory damages, Plaintiff further seeks punitive damages. *See generally* Compl.

24. In West Virginia, a plaintiff may recover punitive damages that total no more than "four times the amount of compensatory damages or $500,000, whichever is greater." W. Va. Code § 55-7-29(c).

25. "Despite these caps, a request for punitive damages certainly looms large in assessing whether the jurisdictional amount in controversy is satisfied" because a "request for punitive damages, where properly recoverable, inevitably inflates a plaintiff[']s potential recovery." *Lane v. Gray Transp., Inc.*, No. 2:20-CV-40, 2021 WL 4267708, at *7 (N.D. W. Va. Sept. 20, 2021) (quoting *Bryant v. Wal-Mart Stores E., Inc.*, 117 F.Supp.2d 555, 556 (S.D. W. Va. 2000)).

26. Although Polaris denies that punitive damages would be appropriate in this case, it cannot be said to a legal certainty that punitive damages are not "properly recoverable."

27. Accordingly, considering Plaintiff's requests for relief, a reasonable reading of Plaintiff's Complaint demonstrates that it is more likely than not that the amount in controversy exceeds the sum of $75,000.

**B.     Diversity of citizenship exists between Plaintiff and Polaris.**

28.     "Under the 'complete diversity rule,' no party may share a common citizenship with any party on the other side." *Jackson v. Allstate Ins. Co.,* 132 F. Supp. 2d 432, 433 (N.D. W. Va. 2000) (*citation omitted*).

29.     Complete diversity of citizenship exists as between Plaintiff and Polaris because there is diversity of citizenship between Plaintiff and Polaris, which is the only party defendant in this matter who has been served to date.

30.     Plaintiff and her next friend are citizens of the Commonwealth of Pennsylvania. *See* Compl. ¶ 2; *see also* 28 U.S.C. 1332(c)(2) ("[T]he legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.").

31.     Polaris, a corporation, is incorporated in Delaware and has its principal place of business in Medina, Minnesota. Pursuant to 28 U.S.C. § 1332(c)(1), Polaris is a citizen of Delaware and Minnesota. *See Hertz Corp v. Friend*, 559 U.S. 77, 92–93 (2010) (concluding that a corporation's principal place of business is its "nerve center" or "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . And in practice it should normally be the place where the corporation maintains its headquarters . . . ."). Thus, complete diversity exists between Polaris and Plaintiff.

32.     Upon information and belief, Defendant Anthony W. Wolfe is alleged to be a citizen and resident of West Virginia; however, he has not been served in this matter to date.

33.     Because Defendant Anthony W. Wolfe has not been served in this matter, removal is not precluded under 28 U.S.C. § 1441(b)(2). *See Vitatoe v. Mylan Pharms., Inc.*, No. 1:08cv85, 2008 WL 3540462, at *5 (N.D. W. Va. Aug. 13, 2008) (denying plaintiff's motion to remand despite the presence of an unserved forum defendant because "the statutory language of § 1441(b)

6

requiring that the forum defendant be 'joined and served' to preclude removal is unambiguous and must be given its plain meaning").

34. As of the filing of this Notice, upon information and belief, the citizenship of the respective parties is unchanged.

35. It is therefore undisputed that complete diversity exists between Plaintiff and Polaris, which is the only party defendant in this matter who has been served to date.

36. Because there is complete diversity between Plaintiff and Polaris and the amount in controversy exceeds $75,000, this action is properly removed under 28 U.S.C. §§ 1332 & 1441.

37. To the extent any question arises as to the proprietary of the removal of this action, Defendants request an evidentiary hearing pursuant to 28 U.S.C. § 1446(c)(5).

### IV.     CONCLUSION

WHEREFORE, Defendant Polaris Industries, Inc. submits this Notice of Removal for the consideration of the Court herein and hereby gives notice to the Clerk of the Circuit Court of Monongalia County, West Virginia, that Removal is hereby effectuated and that no further action by the Circuit Court shall take place unless this action be remanded by the United States District Court.

**POLARIS INDUSTRIES INC.**

By: */s/ Melissa Foster Bird*

Melissa Foster Bird, Esquire (WVSBN 6588)
Shaina D. Massie, Esquire (WVSBN 13018)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Huntington, WV  25701
Telephone: (304) 526-3500
Fax: (304) 526-3599
Email: melissa.fosterbird@nelsonmullins.com
Email: shaina.massie@nelsonmullins.com

**COUNSEL FOR DEFENDANT**
**POLARIS INDUSTRIES INC.**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this **20th day of September, 2023**, the foregoing document was served via U.S. Mail, postage prepaid at Huntington, West Virginia to the following:

Peter D. Friday, Esq.
Chad P. Shannon, Esq.
Alicia D. Loy, Esq.
**Friday & Cox LLC**
1405 McFarland Road
Pittsburgh, PA 15216
(412) 561-4290
(412) 561-4291 (fax)
pfriday@fridaylaw.com
cshannon@fridaylaw.com
Aloy@fridaylaw.com

Anthony W. Wolfe
157 Sand Banks Road,
Morgantown, WV 26508

*/s/ Melissa Foster Bird*