## OFFICE OF THE CIRCUIT CLERK OF MONONGALIA COUNTY



**DONNA HIDOCK, CIRCUIT CLERK**

1:23cv74

| **17th Judicial Circuit** | 75 High St., Suite 12<br>MORGANTOWN, WV 26505<br>Telephone: 304-291-7240<br>Fax: 304-291-7273 | **20th Family Court** |

**FILED**

September 27, 2023

OCT 02 2023

Cheryl Dean Riley
United States District Court
P.O. Box 2857
Clarksburg, WV 26301

U.S. DISTRICT COURT   WVND
CLARKSBURG, WV 26301

IN RE: K.M., a minor child, by her mother and
       next friend, Traci Hibbard
       vs.
       Anthony W. Wolfe, and
       Polaris Industries, Inc.

       Civil Action No. 23-C-260

Dear Ms. Riley:

       Enclosed, please find copies of all pleadings filed in the above styled civil action that are being forwarded to you since this action has been removed to your Court.

       Please contact this office if we can be of any further assistance in this matter.

       Respectfully,

       Donna Hidock
       Circuit Clerk of Monongalia County

Enclosures
njb

CASE#: **23-C-260**        Sub Code:                                    Date Opened: 09/11/2023

Date Printed: 09/27/2023

JUDGE:   PAUL W GWALTNEY

vs

Plaintiff:   **K.M.**

Defendant:   **POLARIS INDUSTRIES, INC.**

*1:23cv74*

Pro Attorney:  ALICIA D. LOY

Def Attorney:

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|------|------|------------|----------|--------|-----------|---------|
| 1 | 09/11/2023 | Complaint Filed (Friday & Cox, LLC) | | 200.00 | 200.00 | .00 |
| 2 | 09/11/2023 | Add'l Clerk Fee | | 20.00 | 20.00 | .00 |
| 3 | 09/11/2023 | WVSP Lab Fund | | 10.00 | 10.00 | .00 |
| 4 | 09/11/2023 | Process Issued - CM (Polaris) | | 20.00 | 20.00 | .00 |
| 5 | 09/11/2023 | Process Issued - CM (Anthony Wolfe) | | 20.00 | 20.00 | .00 |
| 6 | 09/21/2023 | Def's (Polaris) Notice of Filing Notice of Removal | | .00 | .00 | .00 |
| 7 | 09/21/2023 | REMOVED TO FEDERAL COURT | | .00 | .00 | .00 |
| 8 | 09/22/2023 | Green card return - Signed by Def Anthony Wolfe 9/15/23 | | .00 | .00 | .00 |
| 9 | 09/26/2023 | Green card return - Def Polaris signed by Tammy ? (no date) | | .00 | .00 | .00 |
| | | **Totals** | | **270.00** | **270.00** | **.00** |

A TRUE COPY
ATTEST _____ CLERK
MONONGALIA COUNTY CIRCUIT COURT

STATE OF WEST VIRGINIA

COUNTY OF MONONGALIA, TO-WIT:


I, Donna Hidock, Clerk of the Circuit Court of Monongalia County, State aforesaid, hereby certify that the foregoing are copies of the original papers filed and a complete record of the proceedings had in the within action


**K.M., a minor child, by her mother and next friend,**
**TRACI HIBBARD**

**vs.**                                        **Civil Action No. 23-C-260**

**ANTHONY W. WOLFE, and**
**POLARIS INDUSTRIES, INC.**


lately pending in said Circuit Court.

Given under my hand and the seal of said Circuit Court on this 27th Day of September, 2023.


Donna Hidock, Circuit Clerk of
Monongalia County, WV

**IN THE CIRCUIT COURT OF** _Monongalia_ **COUNTY, WEST VIRGINIA**

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

**Plaintiff(s)**

K.M., a minor child, by her mother and next friend,

Traci Hibbard

**vs.**

**Defendant(s)**

Polaris Industries, Inc.
Name

2100 Highway 55
Street Address

Medina, Minnesota, 55340
City, State, Zip Code

**Case No.** 23-C-260

**Judge:**

**Plantiff's Phone:** 412-561-4290

**Days to Answer** 120

**Type of Service** Certified Mail

**Defendant's Phone:**

---

**II. TYPE OF CASE:**

- [✓] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other:
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other:

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

---

**III. JURY DEMAND:** [✓] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): 03 / 2025

---

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [✓] No

**IF YES, PLEASE SPECIFY:**

- [ ] Wheelchair accessible hearing room and other facilites
- [ ] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language:
- [ ] Other:

---

Attorney Name: Alicia D. Loy/Chad P. Shannon/Peter D. Friday

Firm: Friday & Cox, LLC

Address: 1405 McFarland Road, Pittsburgh, PA 26508

Telephone: (412) 561-4290

Representing:
- [✓] Plaintiff
- [ ] Defendant
- [ ] Cross-Defendant
- [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff
- [ ] 3rd-Party Defendant

[ ] **Proceeding Without an Attorney**

---

Original and 2 copies of complaint enclosed/attached.

Dated: 09 / 06 / 2023  Signature:

**FILED**
SEP 11 2023
Revision Date: 4/2020
DONNA HIDOCK, CLERK

**SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)**

**Plaintiff:**   K.M., a minor child, by her mother and next frig, *et al*    **Case Number:** _____
**vs.**
**Defendant:** Polaris Industries, Inc.                         , *et al*

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

Anthony W. Wolfe _____    Defendant's Phone: _____
Defendant's Name

157 Sand Banks Road _____    Days to Answer:  120
Street Address

Morgantown, WV, 26508 _____    Type of Service: Certified Mail
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____    Defendant's Phone: _____
Defendant's Name

_____    Days to Answer: _____
Street Address

_____    Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____    Defendant's Phone: _____
Defendant's Name

_____    Days to Answer: _____
Street Address

_____    Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____    Defendant's Phone: _____
Defendant's Name

_____    Days to Answer: _____
Street Address

_____    Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____    Defendant's Phone: _____
Defendant's Name

_____    Days to Answer: _____
Street Address

_____    Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____    Defendant's Phone: _____
Defendant's Name

_____    Days to Answer: _____
Street Address

_____    Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

_____    Defendant's Phone: _____
Defendant's Name

_____    Days to Answer: _____
Street Address

_____    Type of Service: _____
City, State, Zip Code

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**SCA-C-100:  Civil Case Information Statement-Defendant(s) Continuation Page**         Revision Date:  4/2020

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

CIVIL DIVISION

K.M, a minor child, by her mother and next
friend, TRACI HIBBARD,

Plaintiff,

Docket No.: 23-C-260

vs.

ANTHONY W. WOLFE, and POLARIS
INDUSTRIES, INC.,

Defendants.

**COMPLAINT IN CIVIL ACTION**

Filed on behalf of Plaintiff:
K.M, a minor child, by her mother and
next friend, TRACI HIBBARD

Counsel of Record for this Party:

Peter D. Friday, Esquire
WV I.D. #: 5005
pfriday@fridaylaw.com

Chad P. Shannon, Esquire
WV I.D. #: 9561
cshannon@fridaylaw.com

Alicia D. Loy, Esquire
WV I.D. #: 13899
Aloy@fridaylaw.com

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA  15216
T: (412) 561-4290
F: (412) 561-4291

**JURY TRIAL DEMANDED**

**F I L E D**

SEP 11 2023

DONNA HIDOCK, CLERK

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

K.M, a minor child, by her mother and
next friend, TRACI HIBBARD

CIVIL DIVISION

Docket No.: **23 - C - 260**

Plaintiff,

vs.

ANTHONY W. WOLFE, and POLARIS
INDUSTRIES, INC.,

Defendants.

### COMPLAINT IN CIVIL ACTION

Plaintiff, Traci Hibbard, as parent and next friend of K.M., a minor child, by and through her attorneys, Peter D. Friday, Esquire, Chad P. Shannon, Esquire, and Alicia D. Loy, Esquire of Friday & Cox LLC, files the within Complaint in Civil Action, and in support thereof avers the following:

1.     Plaintiff, Traci Hibbard, is an adult individual who resides at 120 Hillview Drive, Uniontown, Fayette County, Pennsylvania 15401, and is the natural parent and next friend of minor K.M.

2.     Plaintiff, K.M. (hereinafter referred to as "Minor Plaintiff"), is a minor residing at 120 Hillview Drive, Uniontown, Pennsylvania, 15401.

3.     Defendant, Anthony W. Wolfe, is an adult individual who resides at 157 Sand Banks Road, Morgantown, Monongalia County, West Virginia, 26508.

4.     Defendant, Polaris Industries, Inc. (hereinafter referred to as "Defendant Polaris"), is a Delaware corporation with a principal place of business located at 2100 Highway 55 Medina, Hennepin County, Minnesota 55340.

**F I L E D**

SEP 1 1 2023

DONNA HIDOCK, CLERK

2

5.     At all relevant times, Defendant Polaris designed, manufactured, fabricated, tested, marketed, sold, leased and/or distributed the at issue Polaris Ranger side-by-side Utility Task Vehicle.

6.     At all relevant times, Defendant Polaris designed, manufactured, marketed, advertised, distributed, sold, leased, promoted, labeled, fabricated, assembled, inspected, tested, serviced and warranted the Polaris Ranger side-by-side Utility Task Vehicle as safe and reliable for carrying passengers and moving large, heavy and/or cumbersome objects and materials, much larger in size and heavier in weight than Minor Plaintiff.  The Polaris Ranger side-by-side Utility Task Vehicle reached Defendant Wolfe in the same condition as it was at the time it was designed, manufactured, sold, leased and/or distributed by Defendant Polaris.

7.     The events hereinafter complained of occurred on or about May 28, 2021 at approximately 7:00 p.m. at an outdoor recreational area near Cabins, West Virginia in Grant County.

8.     At all times material herein, Defendant Wolfe was the owner in possession of a certain Polaris Ranger side-by-side Utility Task Vehicle.

9.     At all times material herein, Defendant Wolfe had made no changes, modifications and/or alterations of any kind to the Polaris Ranger side-by-side Utility Task Vehicle.

10.     Minor Plaintiff had been vacationing with the Defendant and his family at a campground near Cabins, West Virginia. Plaintiff, Traci Hibbard, Minor Plaintiff's mother, was not present with her at the time.

11.     At around 7:00 p.m. that same day, Minor Plaintiff was allowed to operate a Polaris Ranger side-by-side Utility Task Vehicle, with a minor passenger, while traversing uneven and steep terrain.

3

12.     At this time, a similar Utility Task Vehicle, operated also by a minor, was traveling in front of Minor Plaintiff, when suddenly and unexpectedly, this vehicle came to a stop.

13.     This caused Minor Plaintiff to abruptly apply the brakes of the Utility Task Vehicle she was operating.

14.     However, upon her sudden braking, the Polaris Ranger side-by-side Utility Task Vehicle suddenly began to slide backward, became unstable, and the vehicle rolled over, turning completely over five to six times before coming to rest.

15.     As a result of the above-mentioned rollover of the Polaris Ranger side-by-side Utility Task Vehicle, Minor Plaintiff suffered the following injuries:

    a.   Left knee traumatic arthrotomy;

    b.   Mid-shaft transverse displaced fracture of left femur;

    c.   Degloving of left foot;

    d.   Degloving of left knee;

    e.   Left wrist sprain;

    f.   Blunt force trauma injuries to her head;

    g.   Intracranial hemorrhage;

    h.   Scalp hematoma;

    i.   Sepsis as a result of traumatic injuries;

    j.   Difficulty with activities of daily living;

    k.   Abrasions and contusions about her body;

    l.   Severe shock, strain or sprain of the nerves, muscles, tissues, ligaments and vessels of her musculoskeletal system;

    m.   Fright and emotional distress as a result of the overturn; and

    n.   Nervousness, emotional tension, anxiety and depression.

16.     As a direct and proximate result of the aforesaid negligence, carelessness and

recklessness of the Defendants, Minor Plaintiff has sustained the following damages:

a.  She has endured and will continue to endure pain, suffering, inconvenience and a loss of earning capacity;

b.  Her general health, strength and vitality has been impaired;

c.  She has been and shall continue to be embarrassed and humiliated;

d.  She has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of her injury, and emotional and psychological trauma;

e.  Inability to enjoy various pleasures of life that were previously enjoyed;

f.  Permanent scarring and disfigurement;

g.  She has undergone eight (8) surgeries and may, in the future, have to face numerous other surgeries;

h.  She has been, and will be required to expend large sums of money for medical attention, hospitalization, medical supplies, medical appliances, medicines and various other medical services; and

i.  Her earning capacity has been impaired and her earnings will be reduced.

## COUNT I
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v.*
*Defendant Anthony Wolfe*
### Negligence

17.  All preceding paragraphs of this Complaint are incorporated by reference.

18.  Defendant Anthony Wolfe acted with negligence, carelessness, recklessness, wantonness and/or willfulness in negligently entrusting Minor Plaintiff with the Polaris Ranger side-by-side Utility Task Vehicle, knowing her to be of tender age and of immature judgment and experience, and in the following additional particulars:

a.  In allowing Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle, under his control, when he knew, or should have known, that a person of Minor Plaintiff's tender age would not adequately be able to control and operate such a vehicle of substantial horsepower and speed;

5

b.  In not providing adequate training and/or instruction to Minor Plaintiff concerning the safe use of the Polaris Ranger side-by-side Utility Task Vehicle;

c.  In causing, allowing and/or permitting Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle on unduly rough and varied terrain;

d.  In not assuring that the Minor Plaintiff was educated on the proper use and dangers of operating the Polaris Ranger side-by-side Utility Task Vehicle;

e.  In not monitoring and/or supervising the operation of the Polaris Ranger side-by-side Utility Task Vehicle while entrusting it to a child of tender years;

f.  In failing to properly instruct Minor Plaintiff in the safe, proper, and prudent operation of the Polaris Ranger side-by-side Utility Task Vehicle;

g.  In causing, allowing, and/or permitting Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle, when Defendant Wolfe knew, or should have known, in the exercise of reasonable care that Minor Plaintiff was not competent to do so;

h.  In causing, allowing, and/or permitting Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle, when Defendant Wolfe knew, or should have known, that Minor Plaintiff was an unknowledgeable driver;

i.  In causing, allowing and/or permitting Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle, when Defendant Wolfe knew, or should have known, that she did not have a learner's permit or driver's license to operate a motor vehicle;

j.  In causing, allowing and/or permitting Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle when he knew, or should have known, that she was not fit to do so;

k.  In causing, permitting and/or allowing Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle when Defendant Wolfe knew, or should have known, that there would be violations of safe practices and that the manual of safe operation was not reviewed;

l.  In permitting the Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle at a speed that was excessive for the maneuver and the terrain upon which she was operating it;

n.  In permitting an improperly trained and/or improperly qualified minor to operate the Polaris Ranger side-by-side Utility Task Vehicle under their control;

o.      In failing to ensure Minor Plaintiff used the proper safety equipment necessary to operate the at-issue Polaris Ranger side-by-side Utility Task Vehicle, including but not limited to a helmet that was appropriate for use while operating a Utility Task Vehicle and a seat belt; and

p.      In knowing, and allowing Minor Plaintiff to operate the at-issue Polaris Ranger side-by-side Utility Task Vehicle without proper safety equipment, including, but not limited to, a helmet that was appropriate for use while operating a Utility Task Vehicle and a seat belt.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Wolfe in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other and further relief permitted by the court.

## COUNT II
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v. Defendant Polaris Industries, Inc.*
### Strict Products Liability – Design Defect

18.      All preceding paragraphs of this complaint are incorporated by reference.

19.      At all relevant times, Defendant Polaris designed, manufactured, marketed, packaged and/or sold the Polaris Ranger side-by-side Utility Task Vehicle and represented to Plaintiffs, and the public in general, that it was safe, non-defective and suitable for the purposes which it was intended.

20.      Contrary to Defendant Polaris' representations, the Polaris Ranger side-by-side Utility Task Vehicle and/or its components was designed with a defective, hazardous, unsafe and dangerous condition, unfit for the intended use, and unreasonably dangerous to Minor Plaintiff and other users, at the time it left the control of Defendant Polaris, in general and in the following particulars:

a.      In designing the at issue Polaris Ranger side-by-side Utility Task Vehicle with a narrow wheel base which increased the risk of a rollover occurring during the intended use of the Polaris Ranger side-by-side Utility Task Vehicle;

7

b.   In designing the at issue Polaris Ranger side-by-side Utility Task Vehicle with insufficient stability and improper weight distribution which increased the risk of rollover during the intended use of the Polaris Ranger side-by-side Utility Task Vehicle;

c.   In designing the at issue Polaris Ranger side-by-side Utility Task Vehicle with ineffective breaks which when used as intended increase the risk of rollover;

d.   In designing the at issue Polaris Ranger side-by-side Utility Task Vehicle with insufficient safety features, such as nets or doors, which would have decreased the risk of injury following a rollover during the intended use of the Polaris Ranger side-by-side Utility Task Vehicle;

e.   In otherwise designing the at issue Polaris Ranger side-by-side Utility Task Vehicle without a sufficient occupant protection system;

f.   In designing the at issue Polaris Ranger side-by-side Utility Task Vehicle with ineffective wheels and tires that cause the vehicle to slide when the brakes are applied during the intended use of the Polaris Ranger side-by-side Utility Task Vehicle;

g.   In designing the at issue Polaris Ranger side-by-side Utility Task Vehicle with ineffective, lagging steering such that accidents cannot be avoided during the intended use of the Polaris Ranger side-by-side Utility Task Vehicle; and,

h.   In violating industry customs and standards with respect to the design of the Polaris Ranger side-by-side Utility Task Vehicle.

26.   As a direct and proximate result of the product's design defects, plaintiffs were caused, and in the future will be caused, to suffer from the severe personal injuries and damages discussed herein.

27.   Defendant Polaris is strictly liable to plaintiffs for manufacturing, marketing, labeling, packaging and selling a defectively designed product.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits for arbitration, together with court costs, interest and all other relief permitted by the Court.

**COUNT III**

*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v. Defendant Polaris Industries, Inc.*

**Strict Products Liability – Manufacturing Defect**

28.     All preceding paragraphs of this complaint are incorporated by reference.

29.     At all relevant times, Defendant Polaris designed, manufactured, marketed, packaged and/or sold the Polaris Ranger side-by-side Utility Task Vehicle and represented to Plaintiffs, and the public in general, that it was safe, non-defective and suitable for the purposes which it was intended.

30.     Contrary to Defendant Polaris' representations, the at issue Polaris Ranger side-by-side Utility Task Vehicle and/or its components was manufactured with a defective, hazardous, unsafe and dangerous condition, unfit for the intended use, and unreasonably dangerous to Minor Plaintiff and other users, at the time it left the control of Defendant Polaris, in general and in the following particulars:

      *a.*    The Polaris Ranger side-by-side Utility Task Vehicle and/or its components contained manufacturing defects;

      b.    The Polaris Ranger side-by-side Utility Task Vehicle was manufactured to have deficient and/or defective stability;

      c.    The Polaris Ranger side-by-side Utility Task Vehicle was manufactured with deficient and/or defective occupant protection due to its lack of safety nets and/or doors;

      d.    The Polaris Ranger side-by-side Utility Task Vehicle was manufactured with deficient and/or defective brakes;

      e.    The Polaris Ranger side-by-side Utility Task Vehicle was manufactured with deficient and/or defective wheels and tires;

9

f.     The Polaris Ranger side-by-side Utility Task Vehicle was manufactured with deficient and/or defective frame and body, such that the stability and/or weight distribution of the vehicle was defective;

g.     The Polaris Ranger side-by-side Utility Task Vehicle was manufactured with deficient and/or defective steering system;

h.     In failing to properly or adequately inspect the at-issue Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts prior to its sale, in order to determine whether it could be used for its intended purpose, carrying passengers and moving large, heavy and/or cumbersome objects and materials, without causing serious injuries to the consumer; and

i.     In violating industry customs and standards with respect to the manufacture of the Ranger side-by-side Utility Task Vehicle.

31.    As a direct and proximate result of the product's manufacturing defects, plaintiffs were caused, and in the future will be caused, to suffer from the severe personal injuries and damages discussed herein.

32.    Defendant Polaris is strictly liable to plaintiffs for manufacturing, marketing, labeling, packaging and selling a defectively manufactured product.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all such relief permitted by the Court.

## COUNT IV
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v. Defendant Polaris Industries, Inc.*
**Strict Products Liability – Use Defect**

33.    All preceding paragraphs of this complaint are incorporated by reference.

34.    At all relevant times, Defendant Polaris designed, manufactured, marketed, packaged and/or sold the Polaris Ranger side-by-side Utility Task Vehicle and represented to Plaintiffs, and the public in general, that it was safe, non-defective and suitable for the purposes which it was intended.

35.    Contrary to Defendant Polaris' representations, the Polaris Ranger side-by-side Utility Task Vehicle and/or its components were sold in a defective, hazardous, unsafe and dangerous condition, unfit for the intended use, and unreasonably dangerous to Minor Plaintiff and other users, at the time it left the control of Defendant Polaris, in general and in the following particulars:

a.    Warnings and instructions were defective in that they failed to disclose reasonably foreseeable dangers attendant in the use of the Polaris Ranger side-by-side Utility Task Vehicle;

b.    Warnings and instructions were inadequate as to the Polaris Ranger side-by-side Utility Task Vehicle's stability;

c.    Warnings and instructions were inadequate on controlling the speed of the Polaris Ranger side-by-side Utility Task Vehicle to control its instability;

d.    Warnings were inadequate on the lack of occupant protection in the Polaris Ranger side-by-side Utility Task Vehicle;

e.    The product's warnings and instructions were defective with respect to the risk of rollover during operation;

f.    Instructions were inadequate as to how to increase occupant protection in the Polaris Ranger side-by-side Utility Task Vehicle;

g.    In causing and allowing Minor Plaintiff to be injured as a result of a dangerous rollover due to the defective design of the Polaris Ranger side-by-side Utility Task Vehicle;

h.    In failing to warn Minor Plaintiff of the narrow wheel base which increased the risk of a rollover occurring during the intended use of the Polaris Ranger side-by-side Utility Task Vehicle;

i.    In failing to provide proper and adequate warnings and instructions for the Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts to users such as Minor Plaintiff;

j.    In disseminating to the public product test results and representations that were defective;

k.    In violating industry customs and standards with respect to the marketing, distribution, and sale of the Polaris Ranger side-by-side Utility Task Vehicle; and

11

l.      In violating industry customs and standards with respect to the use of warnings instructions, or lack thereof, for the Polaris Ranger side-by-side Utility Task Vehicle.

36.     As a direct and proximate result of the product's use defects, plaintiffs were caused, and in the future will be caused, to suffer from the severe personal injuries and damages discussed herein.

37.     Defendant Polaris is strictly liable to plaintiffs for manufacturing, marketing, labeling, packaging and selling a product which was unreasonably dangerous for its intended use due to use defects.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all such relief permitted by the Court.

### COUNT V
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v. Defendant Polaris Industries, Inc.*
**Breach of Express Warranty**

38.     All preceding paragraphs of this complaint are incorporated herein by reference.

39.     At all relevant times, Defendant Polaris manufactured and sold the at-issue Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts and Defendant Polaris was in the business of manufacturing and selling the Polaris Ranger side-by-side Utility Task Vehicles and their component parts.

40.     In connection with the sale of the at-issue Polaris Ranger side-by-side Utility Task Vehicle, Defendant Polaris expressly warranted to Minor Plaintiff and/or others that the defective at issue Utility Task Vehicle was safe, non-defective, and fit and proper for its intended use as an off-road and All-Terrain Vehicle.

41.     The at issue Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts were in fact defective, dangerous, unsafe and unfit for their ordinary and intended use.

42.     Minor Plaintiff's injuries and damages were caused by Defendant Polaris' breach of the express warranty extended to Minor Plaintiff in connection with the sale and manufacture of the subject Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all such relief permitted by the Court.

### COUNT V
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v. Defendant Polaris Industries, Inc.*
**Breach of Implied Warranties**

43.     All preceding paragraphs of this complaint are incorporated herein by reference.

44.     At all relevant times, Defendant Polaris manufactured and sold the at-issue Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts and Defendant Polaris was in the business of manufacturing and selling the Polaris Ranger side-by-side Utility Task Vehicles and their component parts.

45.     In connection with the sale of the at-issue Polaris Ranger side-by-side Utility Task Vehicle, Defendant Polaris warranted that the Polaris Ranger side-by-side Utility Task Vehicles and their component parts were merchantable, free from defects, and were fit, safe and suitable for their ordinary and intended use by the original purchaser and subsequent purchasers and users.

46.     The at issue Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts were in fact defective, dangerous, unsafe and unfit for their ordinary and intended use.

47.     Minor Plaintiff's injuries and damages were caused by Defendant Polaris' breach of the implied warranty of merchantability and implied warranty of fitness for a particular purpose, or for ordinary use, extended to Minor Plaintiff in connection with the sale and manufacture of the subject Ranger side-by-side Utility Task Vehicle and/or its component parts.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all such relief permitted by the Court.

## COUNT VII
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v.*
*Defendant Polaris Industries, Inc.*
**Fraud by Concealment**

48.    All preceding paragraphs of this complaint are incorporated by reference.

49.    At all times relevant, Defendant Polaris had the duty and obligation to disclose to Minor Plaintiff, the general public, and/or others the true facts concerning the Polaris Ranger side-by-side Utility Task Vehicle; namely, that said product was dangerous and defective, lacking efficacy for its purported use and lacking safety in normal use, and how likely it was to cause serious consequences to users, including injury.

50.    Defendant Polaris made affirmative representations as set forth above to Minor Plaintiff and the general public prior to the date Minor Plaintiff used the product, while concealing material facts.

51.    At all times relevant, Defendant Polaris willfully and maliciously concealed facts, as set forth above, from Minor Plaintiff and the general public, with the intent to defraud as herein alleged.

52.    At all times relevant, Minor Plaintiff was unaware of the facts set forth above, concerning the dangerous, hazardous and defective nature of the Polaris Ranger side-by-side Utility Task Vehicle, and had they been aware of said facts, they would not have acted as they did; namely, they would not have reasonably relied upon said representations of safety and efficacy and utilized the Polaris Ranger side-by-side Utility Task Vehicle.

53.    Defendant Polaris' representations were a substantial factor in Minor Plaintiff utilizing the Polaris Ranger side-by-side Utility Task Vehicle.

54.    As a result of the concealment of the facts set forth above, Plaintiffs sustained injuries and damages as described herein.

55.    Defendant Polaris acted with oppression, fraud and malice, and plaintiffs are therefore entitled to punitive damages in an amount reasonably related to plaintiffs' actual damages, and to Defendant Polaris' wealth, and sufficiently large to be an example to others, and to deter Defendant Polaris and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all such relief permitted by the Court.

**COUNT VIII**
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v.*
*Defendant Polaris Industries, Inc.*
**Negligent Misrepresentation**

56.    All preceding paragraphs of this complaint are incorporated by reference.

57.    At all relevant times, Defendant Polaris represented to Minor Plaintiff that the Polaris Ranger side-by-side Utility Task Vehicle was safe to use as a recreational or off-road vehicle, knowing that the product was defective, hazardous and capable of causing the injuries described herein.

58.    Defendant Polaris made the aforesaid representations with no reasonable grounds for believing them to be true when a multitude of data showed the Polaris Ranger side-by-side Utility Task Vehicle to be defective and dangerous when used in its intended manner.

59.    The aforesaid representations were made to Minor Plaintiff prior to the date the product was purchased and used, with the intent that Minor Plaintiff rely upon such misrepresentations about the safety of the Polaris Ranger side-by-side Utility Task Vehicle.

60.    Minor Plaintiff did reasonably rely upon such misrepresentations about the safety of the Polaris Ranger side-by-side Utility Task Vehicle.

61.    The representations Polaris Defendant made to Minor Plaintiff were false, and thereby caused the injuries and damages to plaintiffs as described above.

WHEREFORE, Plaintiffs demand judgment for compensatory damages and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all such relief permitted by the Court.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

**FRIDAY & COX, LLC**

By: _____
Peter D. Friday, Esquire
WV I.D. #: 5005
pfriday@fridaylaw.com

Chad P. Shannon, Esquire
WV I.D. #: 9561
cshannon@fridaylaw.com

Alicia D. Loy, Esquire
WV I.D. #: 13899
Aloy@fridaylaw.com

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA 15216
T: (412) 561-4290
F: (412) 561-4291
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 6, 2023 a true and correct copy of was served by first class U.S. mail, postage prepaid, upon Defendants, to-wit:

Anthony W. Wolfe
157 Sand Banks Road,
Morgantown, WV 26508

Polaris Industries, Inc.
2100 Highway 55
Medina, MN 55340

**FRIDAY & COX, LLC**

By: _____
Peter D. Friday, Esquire
WV I.D. #: 5005
pfriday@fridaylaw.com

Chad P. Shannon, Esquire
WV I.D. #: 9561
cshannon@fridaylaw.com

Alicia D. Loy, Esquire
WV I.D. #: 13899
Aloy@fridaylaw.com

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA 15216
T: (412) 561-4290
F: (412) 561-4291
*Attorneys for Plaintiff*

17



# S U M M O N S

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**K.M., a minor child,**
**by her mother and next friend,**
**Traci Hibbard,**

       **Plaintiff(s),**    **Civil Action: 23-C-260**

**VS**

**POLARIS INDUSTRIES, INC.**
**2100 Highway 55**
**Medina, MN 55340,**

**AND**

**ANTHONY W. WOLFE**
**157 Sand Banks Rd.**
**Morgantown, WV 26508,**

       **Defendant(s).**

---

**U.S. Postal Service®**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

USPS® ARTICLE NUMBER
9414 7266 9904 2218 3851 34

| | | |
|---|---|---|
| Certified Mail Fee | $ 3.50 | |
| Return Receipt (Hardcopy) | $ 2.80 | |
| Return Receipt (Electronic) | $ 0.00 | |
| Certified Mail Restricted Delivery | $ 0.00 | Postmark Here |
| Postage | $ 0.50 | |
| Total Postage and Fees | $ 6.80 | |

Sent to: POLARIS INDUSTRIES, INC.
2100 HIGHWAY 55
MEDINA, MN 55340

23-C-260

**Reference Information**

**Certified Article Number**
9414 7266 9904 2218 3851 34

**SENDER'S RECORD**

PS Form 3800, Facsimile, July 2015

---

**TO THE ABOVE-NAMED DEFENDANT(S):**

  IN THE NAME OF THE STATE OF WEST VIRGINIA required to serve upon **Alicia D. Loy, Chad P. Shanno** attorneys, whose address is **1405 McFarland Rd., Pit** including any related counter-claim you may have to the above styled civil action, a true copy of which is herewith d serve your answer within **120 days** after service of this s date of service.

  If you fail to do so, judgment by default will b demanded in the amended complaint and you will be another action any claim you may have.

**Date: September 11, 2023**

Donna Hidock, Clerk of the Circuit Court

**FOR RETURN**



# S U M M O N S

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

K.M., a minor child,
by her mother and next friend,
Traci Hibbard,

**Plaintiff(s),**          **Civil Action: 23-C-260**

**VS**

**POLARIS INDUSTRIES, INC.**
**2100 Highway 55**
**Medina, MN 55340,**

**AND**

**ANTHONY W. WOLFE**
**157 Sand Banks Rd.**
**Morgantown, WV 26508,**          **Defendant(s).**

**TO THE ABOVE-NAMED DEFENDANT(S):**

IN THE NAME OF THE STATE OF WEST VIRGINI⌐
required to serve upon **Alicia D. Loy, Chad P. Shann⌐**
attorneys, whose address is **1405 McFarland Rd., Pi⌐**
including any related counter-claim you may have to the⌐
above styled civil action, a true copy of which is herewith d⌐
serve your answer within **120 days** after service of this s⌐
date of service.

If you fail to do so, judgment by default will b⌐
demanded in the amended complaint and you will be⌐
another action any claim you may have.

Date: September 11, 2023

*Donna Hidock / NJB*

**Donna Hidock, Clerk of the Circuit Court**

**FOR RETURN**

U.S. Postal Service®
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

USPS® ARTICLE NUMBER
9414 7266 9904 2218 3851 27

| | |
|---|---|
| Certified Mail Fee | $3.50 |
| Return Receipt (Hardcopy) | $2.80 |
| Return Receipt (Electronic) | $0.00 |
| Certified Mail Restricted Delivery | $0.00 |
| Postage | $0.50 |
| Total Postage and Fees | $6.80 |

Postmark
Here

Sent to ANTHONY W. WOLFE
157 SAND BANKS RD.
MORGANTOWN, WV 26508

23-C-260

**Reference Information**

Certified Article Number

9414 7266 9904 2218 3851 27

**SENDER'S RECORD**

PS Form 3800, Facsimile, July 2015

| Return Receipt (Form 3811) Barcode | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Anthony W. Wolfe_  ☐ Agent  ☑ Addressee

B. Received by (Printed Name)  C. Date of Delivery

_Anthony W. Wolfe_   9-15-23

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☑ No

9590 9266 9904 2218 3851 20

**1. Article Addressed to:**

ANTHONY W. WOLFE
157 SAND BANKS RD
MORGANTOWN, WV 26508

DONNA HIDOCK CLERK

SEP 22 2023

FILED

**3. Service Type:**

☒ Certified Mail

Reference Information

23-C-260

RESTR
RETURN R

**2. Certified Mail (Form 3800) Article Number**

9414 7266 9904 2218 3851 27

PS Form 3811, Facsimile, July 2015          Domestic Return Receipt

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

**K.M, a minor child, by her mother and
next friend, TRACI HIBBARD**

          **Plaintiff,**

vs.

**ANTHONY W. WOLFE, and POLARIS
INDUSTRIES, INC.,**

          **Defendants.**

**Case No. 23-C-260**

## NOTICE OF FILING NOTICE OF REMOVAL

You are hereby notified that Defendant Polaris Industries, Inc. has removed this action to the United States District Court for the Northern District of West Virginia at Clarksburg by filing a Notice of Removal. A copy of the Notice of Removal is attached hereto.

**POLARIS INDUSTRIES INC.**

By: */s/ Melissa Foster Bird*

Melissa Foster Bird, Esquire (WVSBN 6588)
Shaina D. Massie, Esquire (WVSBN 13018)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Huntington, WV 25701
Telephone: (304) 526-3500
Fax: (304) 526-3599
Email: melissa.fosterbird@nelsonmullins.com
Email: shaina.massie@nelsonmullins.com

**COUNSEL FOR DEFENDANT
POLARIS INDUSTRIES INC.**

**F I L E D**

SEP 2 1 2023

DONNA HIDOCK, ...

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this **20th day of September, 2023**, the foregoing document was served via U.S. Mail, postage prepaid at Huntington, West Virginia to the following:

Peter D. Friday, Esq.
Chad P. Shannon, Esq.
Alicia D. Loy, Esq.
**Friday & Cox LLC**
1405 McFarland Road
Pittsburgh, PA 15216
(412) 561-4290
(412) 561-4291 (fax)
pfriday@fridaylaw.com
cshannon@fridaylaw.com
Aloy@fridaylaw.com

Anthony W. Wolfe
157 Sand Banks Road,
Morgantown, WV 26508

*/s/ Melissa Foster Bird*

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### AT CLARKSBURG

| | |
|---|---|
| K.M, a minor child, by her mother and next friend, TRACI HIBBARD | |
| **Plaintiff,** | |
| vs. | Case No.: |
| ANTHONY W. WOLFE, and POLARIS INDUSTRIES, INC., | |
| **Defendants.** | |

## DEFENDANT POLARIS INDUSTRIES, INC.'S NOTICE OF REMOVAL

COMES NOW Defendant Polaris Industries, Inc. ("Polaris" or "Defendant"),[1] pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and hereby files its Notice of Removal of this case from the Circuit Court of Monongalia County, West Virginia, to the United States District Court for the Northern District of West Virginia at Clarksburg.

As is more fully set forth below, this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.* because: (1) Defendant has satisfied the procedural requirements for removal; and (2) this Court has subject matter jurisdiction over this action. Complete diversity of citizenship exists between Plaintiff and Polaris, which is the only party defendant in this matter who has been served to date, and it is evident from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. In support of this Notice, Defendant states as follows:

---

[1] Polaris Industries Inc. changed its corporate name to Polaris Inc. in July 2019.

## I.     <u>THE STATE COURT ACTION</u>

1.      On August 24, 2023, Plaintiff K.M., by and through her next friend, Traci Hibbard, filed a civil action against Polaris that currently is pending before the Circuit Court of Monongalia County, West Virginia in the case styled *K.M, a minor child, by her mother and next friend, Traci Hibbard v. Anthony W. Wolfe and Polaris Industries, Inc.*, No. 23-C-260 (the "State Court Action").

2.      In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the docket and all process, pleadings, and orders in the State Court Action collectively are attached as **Exhibit A**.

3.      The State Court action arises from injuries Plaintiff contends she suffered when the utility task vehicle ("UTV") she was operating experienced a rollover after she came to an abrupt stop. *See* Compl. ¶¶ 11–14.

4.      Plaintiff's Complaint asserts claims against Polaris for (a) strict products liability – design defect; (b) strict products liability – manufacturing defect; (c) strict products liability – use defect; (d) breach of express warranty; (e) breach of implied warranties; (f) fraud by concealment; and (g) negligent misrepresentation. *See generally* Compl.

5.      Upon information and belief, Plaintiff served Polaris with the Complaint on or about September 18, 2023.

6.      Upon information and belief, as of the filing of this Notice, Defendant Anthony W. Wolfe has not yet been properly served.

## II.     <u>COMPLIANCE WITH REMOVAL STATUTES</u>

7.      The events giving rise to Plaintiff's claims occurred in or near Cabins, Grant County, West Virginia. Accordingly, venue properly lies in the United States District Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1391(b)(2).

8.      Furthermore, the United States District Court for the Northern District of West Virginia, Clarksburg Division, is the "district and division" for actions removed from the Circuit Court of Monongalia County, West Virginia, pursuant to 28 U.S.C. §§ 129(a), 1441(a) and 1446(a).

9.      Because the Complaint was filed on September 11, 2023, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within thirty days of the commencement of this action and therefore presumptively within thirty days after service on Polaris of a copy of Plaintiff's initial pleading setting forth the alleged claim for relief upon which the action is based.

10.     Polaris is the only party defendant that has been served in this matter, and it will file the Disclosure Statement in accordance with Federal Rule of Civil Procedure 7.1.

11.     Written notice of the filing of this Notice of Removal will be provided to Plaintiff, and a copy of this Notice of Removal will be filed in the Circuit Court of Monongalia County, as required by 28 U.S.C. § 1446(d).

12.     This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil procedure.

13.     Defendant reserves the right to amend or supplement this Notice of Removal.

III.    **REMOVAL IS PROPER**

14.     Removal is proper under 28 U.S.C. §§ 1332(a) and 1441 because the State Court Action represents a civil action: (a) in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and (b) is between "citizens of different States" who have been served in this matter. 28 U.S.C. § 1332(a)(1). Therefore, the United States District Court for the Northern District of West Virginia at Clarksburg, possesses original jurisdiction over the State Court Action pursuant to 28 U.S.C. §§ 1332 and 1441.

**A.** **The amount in controversy exceeds $75,000.**

15.     Plaintiff does not seek specific amounts in her Complaint; however, the amount in controversy well exceeds the sum of $75,000, exclusive of interest and costs, that 28 U.S.C. § 1332(a) requires. *See Kohler v. State Farm Mut. Ins. Co.*, No. 5:20-CV-51, 2020 WL 6947387, at *2 (N.D. W. Va. Mar. 31, 2020) ("[W]hen the complaint's ad damnum clause does not specifically state the amount in controversy, this Court requires the removing defendant to prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount.").

16.     Pursuant to Fourth Circuit jurisprudence, "[t]he key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). Accordingly, the amount in controversy "is what the plaintiff claims to be entitled to or demands." *Kohler*, 2020 WL 6947387, at *3 (quoting *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 967 (S.D. W. Va. 2011)).

17.     Plaintiff asserts that, as a result of the alleged incident, she suffered numerous, severe injuries. Compl. ¶¶ 15, 16.

18.     Plaintiff further asserts that she "was caused to suffer great pain and suffering, medical expense in an attempt to effect a cure there from." Compl. ¶ 16.

19.     Plaintiff further asserts that she has endured "great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of her injury, and emotional and psychological trauma." Compl. ¶ 16(d).

20.    Plaintiff further asserts that she "has been, and will be required to expend large sums of money for medical attention, hospitalization, medical supplies, medical appliances, medicines and various other medical services." Compl. ¶ 16(h).

21.    Plaintiff, a minor, also asserts that "[h]er earning capacity has been impaired and her earnings will be reduced." Compl. ¶ 16(a), 16(i).

22.    Because Plaintiff is under the age of eighteen, there is an excess of forty-five years until she would reach retirement age.

23.    In addition to compensatory damages, Plaintiff further seeks punitive damages. *See generally* Compl.

24.    In West Virginia, a plaintiff may recover punitive damages that total no more than "four times the amount of compensatory damages or $500,000, whichever is greater." W. Va. Code § 55-7-29(c).

25.    "Despite these caps, a request for punitive damages certainly looms large in assessing whether the jurisdictional amount in controversy is satisfied" because a "request for punitive damages, where properly recoverable, inevitably inflates a plaintiff[']s potential recovery." *Lane v. Gray Transp., Inc.*, No. 2:20-CV-40, 2021 WL 4267708, at *7 (N.D. W. Va. Sept. 20, 2021) (quoting *Bryant v. Wal-Mart Stores E., Inc.*, 117 F.Supp.2d 555, 556 (S.D. W. Va. 2000)).

26.    Although Polaris denies that punitive damages would be appropriate in this case, it cannot be said to a legal certainty that punitive damages are not "properly recoverable."

27.    Accordingly, considering Plaintiff's requests for relief, a reasonable reading of Plaintiff's Complaint demonstrates that it is more likely than not that the amount in controversy exceeds the sum of $75,000.

**B.      Diversity of citizenship exists between Plaintiff and Polaris.**

28.      "Under the 'complete diversity rule,' no party may share a common citizenship with any party on the other side." *Jackson v. Allstate Ins. Co.*, 132 F. Supp. 2d 432, 433 (N.D. W. Va. 2000) *(citation omitted)*.

29.      Complete diversity of citizenship exists as between Plaintiff and Polaris because there is diversity of citizenship between Plaintiff and Polaris, which is the only party defendant in this matter who has been served to date.

30.      Plaintiff and her next friend are citizens of the Commonwealth of Pennsylvania. *See* Compl. ¶ 2; *see also* 28 U.S.C. 1332(c)(2) ("[T]he legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.").

31.      Polaris, a corporation, is incorporated in Delaware and has its principal place of business in Medina, Minnesota.   Pursuant to 28 U.S.C. § 1332(c)(1), Polaris is a citizen of Delaware and Minnesota. *See Hertz Corp v. Friend*, 559 U.S. 77, 92–93 (2010) (concluding that a corporation's principal place of business is its "nerve center" or "the place where a corporation's officers direct, control, and coordinate the corporation's activities . . . . And in practice it should normally be the place where the corporation maintains its headquarters . . . ."). Thus, complete diversity exists between Polaris and Plaintiff.

32.      Upon information and belief, Defendant Anthony W. Wolfe is alleged to be a citizen and resident of West Virginia; however, he has not been served in this matter to date.

33.      Because Defendant Anthony W. Wolfe has not been served in this matter, removal is not precluded under 28 U.S.C. § 1441(b)(2). *See Vitatoe v. Mylan Pharms., Inc.*, No. 1:08cv85, 2008 WL 3540462, at *5 (N.D. W. Va. Aug. 13, 2008) (denying plaintiff's motion to remand despite the presence of an unserved forum defendant because "the statutory language of § 1441(b)

requiring that the forum defendant be 'joined and served' to preclude removal is unambiguous and must be given its plain meaning").

34.    As of the filing of this Notice, upon information and belief, the citizenship of the respective parties is unchanged.

35.    It is therefore undisputed that complete diversity exists between Plaintiff and Polaris, which is the only party defendant in this matter who has been served to date.

36.    Because there is complete diversity between Plaintiff and Polaris and the amount in controversy exceeds $75,000, this action is properly removed under 28 U.S.C. §§ 1332 & 1441.

37.    To the extent any question arises as to the proprietary of the removal of this action, Defendants request an evidentiary hearing pursuant to 28 U.S.C. § 1446(c)(5).

## IV.    CONCLUSION

WHEREFORE, Defendant Polaris Industries, Inc. submits this Notice of Removal for the consideration of the Court herein and hereby gives notice to the Clerk of the Circuit Court of Monongalia County, West Virginia, that Removal is hereby effectuated and that no further action by the Circuit Court shall take place unless this action be remanded by the United States District Court.

**POLARIS INDUSTRIES INC.**

By: */s/ Melissa Foster Bird* _____

Melissa Foster Bird, Esquire (WVSBN 6588)
Shaina D. Massie, Esquire (WVSBN 13018)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Avenue, Suite 200
Huntington, WV  25701
Telephone: (304) 526-3500
Fax: (304) 526-3599
Email: melissa.fosterbird@nelsonmullins.com
Email: shaina.massie@nelsonmullins.com

**COUNSEL FOR DEFENDANT
POLARIS INDUSTRIES INC.**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this **20th day of September, 2023**, the

foregoing document was served via U.S. Mail, postage prepaid at Huntington, West Virginia to

the following:

Peter D. Friday, Esq.
Chad P. Shannon, Esq.
Alicia D. Loy, Esq.
**Friday & Cox LLC**
1405 McFarland Road
Pittsburgh, PA 15216
(412) 561-4290
(412) 561-4291 (fax)
pfriday@fridaylaw.com
cshannon@fridaylaw.com
Aloy@fridaylaw.com

Anthony W. Wolfe
157 Sand Banks Road,
Morgantown, WV 26508

*/s/ Melissa Foster Bird*

CASE#: **23-C-260**                    Sub Code:                    Date Opened: 09/11/2023

JUDGE:   PAUL W GWALTNEY                                             Date Printed: 09/20/2023

Plaintiff:        **K.M.**

vs

Defendant:        **POLARIS INDUSTRIES, INC.**

Pro Attorney:  ALICIA D. LOY

Def Attorney:

| Page | Date | Memorandum | Account# | Earned | Collected | Balance |
|---|---|---|---|---|---|---|
| 1 | 09/11/2023 | Complaint Filed (Friday & Cox, LLC) | | 200.00 | 200.00 | .00 |
| 2 | 09/11/2023 | Add'l Clerk Fee | | 20.00 | 20.00 | .00 |
| 3 | 09/11/2023 | WVSP Lab Fund | | 10.00 | 10.00 | .00 |
| 4 | 09/11/2023 | Process Issued - CM (Polaris) | | 20.00 | 20.00 | .00 |
| 5 | 09/11/2023 | Process Issued - CM (Anthony Wolfe) | | 20.00 | 20.00 | .00 |
| | | **Totals** | | **270.00** | **270.00** | **.00** |

**Exhibit A**



# S U M M O N S

## IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

K.M., a minor child,
by her mother and next friend,
Traci Hibbard,

                                         **Plaintiff(s),**        **Civil Action: 23-C-260**

**VS**

**POLARIS INDUSTRIES, INC.**
**2100 Highway 55**
**Medina, MN 55340,**

**AND**

**ANTHONY W. WOLFE**
**157 Sand Banks Rd.**
**Morgantown, WV 26508,**

                                         **Defendant(s).**

**TO THE ABOVE-NAMED DEFENDANT(S):**

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **Alicia D. Loy, Chad P. Shannon, & Peter D. Friday.,** Plaintiff's attorneys, whose address is **1405 McFarland Rd., Pittsburgh, PA 15216,** an answer, including any related counter-claim you may have to the Complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **120 days** after service of this summons upon you, exclusive of the date of service.

    If you fail to do so, judgment by default will be taken against you for the relief demanded in the amended complaint and you will be thereafter barred from asserting in another action any claim you may have.

**Date: September 11, 2023**

                               *Donna Hidock / NJB*

                             **Donna Hidock, Clerk of the Circuit Court**

# IN THE CIRCUIT COURT OF MONONGALIA COUNTY, WEST VIRGINIA

K.M, a minor child, by her mother and
next friend, TRACI HIBBARD

               Plaintiff,

vs.

ANTHONY W. WOLFE, and POLARIS
INDUSTRIES, INC.,

               Defendants.

CIVIL DIVISION

Docket No.: 23-C-260

## COMPLAINT IN CIVIL ACTION

Plaintiff, Traci Hibbard, as parent and next friend of K.M., a minor child, by and through her attorneys, Peter D. Friday, Esquire, Chad P. Shannon, Esquire, and Alicia D. Loy, Esquire of Friday & Cox LLC, files the within Complaint in Civil Action, and in support thereof avers the following:

1.     Plaintiff, Traci Hibbard, is an adult individual who resides at 120 Hillview Drive, Uniontown, Fayette County, Pennsylvania 15401, and is the natural parent and next friend of minor K.M.

2.     Plaintiff, K.M. (hereinafter referred to as "Minor Plaintiff"), is a minor residing at 120 Hillview Drive, Uniontown, Pennsylvania, 15401.

3.     Defendant, Anthony W. Wolfe, is an adult individual who resides at 157 Sand Banks Road, Morgantown, Monongalia County, West Virginia, 26508.

4.     Defendant, Polaris Industries, Inc. (hereinafter referred to as "Defendant Polaris"), is a Delaware corporation with a principal place of business located at 2100 Highway 55 Medina, Hennepin County, Minnesota 55340.

2

5.    At all relevant times, Defendant Polaris designed, manufactured, fabricated, tested, marketed, sold, leased and/or distributed the at issue Polaris Ranger side-by-side Utility Task Vehicle.

6.    At all relevant times, Defendant Polaris designed, manufactured, marketed, advertised, distributed, sold, leased, promoted, labeled, fabricated, assembled, inspected, tested, serviced and warranted the Polaris Ranger side-by-side Utility Task Vehicle as safe and reliable for carrying passengers and moving large, heavy and/or cumbersome objects and materials, much larger in size and heavier in weight than Minor Plaintiff. The Polaris Ranger side-by-side Utility Task Vehicle reached Defendant Wolfe in the same condition as it was at the time it was designed, manufactured, sold, leased and/or distributed by Defendant Polaris.

7.    The events hereinafter complained of occurred on or about May 28, 2021 at approximately 7:00 p.m. at an outdoor recreational area near Cabins, West Virginia in Grant County.

8.    At all times material herein, Defendant Wolfe was the owner in possession of a certain Polaris Ranger side-by-side Utility Task Vehicle.

9.    At all times material herein, Defendant Wolfe had made no changes, modifications and/or alterations of any kind to the Polaris Ranger side-by-side Utility Task Vehicle.

10.    Minor Plaintiff had been vacationing with the Defendant and his family at a campground near Cabins, West Virginia. Plaintiff, Traci Hibbard, Minor Plaintiff's mother, was not present with her at the time.

11.    At around 7:00 p.m. that same day, Minor Plaintiff was allowed to operate a Polaris Ranger side-by-side Utility Task Vehicle, with a minor passenger, while traversing uneven and steep terrain.

3

12.     At this time, a similar Utility Task Vehicle, operated also by a minor, was traveling in front of Minor Plaintiff, when suddenly and unexpectedly, this vehicle came to a stop.

13.     This caused Minor Plaintiff to abruptly apply the brakes of the Utility Task Vehicle she was operating.

14.     However, upon her sudden braking, the Polaris Ranger side-by-side Utility Task Vehicle suddenly began to slide backward, became unstable, and the vehicle rolled over, turning completely over five to six times before coming to rest.

15.     As a result of the above-mentioned rollover of the Polaris Ranger side-by-side Utility Task Vehicle, Minor Plaintiff suffered the following injuries:

   a.  Left knee traumatic arthrotomy;

   b.  Mid-shaft transverse displaced fracture of left femur;

   c.  Degloving of left foot;

   d.  Degloving of left knee;

   e.  Left wrist sprain;

   f.  Blunt force trauma injuries to her head;

   g.  Intracranial hemorrhage;

   h.  Scalp hematoma;

   i.  Sepsis as a result of traumatic injuries;

   j.  Difficulty with activities of daily living;

   k.  Abrasions and contusions about her body;

   l.  Severe shock, strain or sprain of the nerves, muscles, tissues, ligaments and vessels of her musculoskeletal system;

   m. Fright and emotional distress as a result of the overturn; and

   n.  Nervousness, emotional tension, anxiety and depression.

16.     As a direct and proximate result of the aforesaid negligence, carelessness and

recklessness of the Defendants, Minor Plaintiff has sustained the following damages:

    a.     She has endured and will continue to endure pain, suffering, inconvenience and a loss of earning capacity;

    b.     Her general health, strength and vitality has been impaired;

    c.     She has been and shall continue to be embarrassed and humiliated;

    d.     She has endured, and will continue to endure great pain, suffering, inconvenience, embarrassment, mental anguish, monetary expenditures for the care of her injury, and emotional and psychological trauma;

    e.     Inability to enjoy various pleasures of life that were previously enjoyed;

    f.     Permanent scarring and disfigurement;

    g.     She has undergone eight (8) surgeries and may, in the future, have to face numerous other surgeries;

    h.     She has been, and will be required to expend large sums of money for medical attention, hospitalization, medical supplies, medical appliances, medicines and various other medical services; and

    i.     Her earning capacity has been impaired and her earnings will be reduced.

## COUNT I
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v. Defendant Anthony Wolfe*
### Negligence

17.    All preceding paragraphs of this Complaint are incorporated by reference.

18.    Defendant Anthony Wolfe acted with negligence, carelessness, recklessness, wantonness and/or willfulness in negligently entrusting Minor Plaintiff with the Polaris Ranger side-by-side Utility Task Vehicle, knowing her to be of tender age and of immature judgment and experience, and in the following additional particulars:

    a.     In allowing Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle, under his control, when he knew, or should have known, that a person of Minor Plaintiff's tender age would not adequately be able to control and operate such a vehicle of substantial horsepower and speed;

b.    In not providing adequate training and/or instruction to Minor Plaintiff concerning the safe use of the Polaris Ranger side-by-side Utility Task Vehicle;

c.    In causing, allowing and/or permitting Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle on unduly rough and varied terrain;

d.    In not assuring that the Minor Plaintiff was educated on the proper use and dangers of operating the Polaris Ranger side-by-side Utility Task Vehicle;

e.    In not monitoring and/or supervising the operation of the Polaris Ranger side-by-side Utility Task Vehicle while entrusting it to a child of tender years;

f.    In failing to properly instruct Minor Plaintiff in the safe, proper, and prudent operation of the Polaris Ranger side-by-side Utility Task Vehicle;

g.    In causing, allowing, and/or permitting Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle, when Defendant Wolfe knew, or should have known, in the exercise of reasonable care that Minor Plaintiff was not competent to do so;

h.    In causing, allowing, and/or permitting Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle, when Defendant Wolfe knew, or should have known, that Minor Plaintiff was an unknowledgeable driver;

i.    In causing, allowing, and/or permitting Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle, when Defendant Wolfe knew, or should have known, that she did not have a learner's permit or driver's license to operate a motor vehicle;

j.    In causing, allowing and/or permitting Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle when he knew, or should have known, that she was not fit to do so;

k.    In causing, permitting and/or allowing Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle when Defendant Wolfe knew, or should have known, that there would be violations of safe practices and that the manual of safe operation was not reviewed;

l.    In permitting the Minor Plaintiff to operate the Polaris Ranger side-by-side Utility Task Vehicle at a speed that was excessive for the maneuver and the terrain upon which she was operating it;

n.    In permitting an improperly trained and/or improperly qualified minor to operate the Polaris Ranger side-by-side Utility Task Vehicle under their control;

o.    In failing to ensure Minor Plaintiff used the proper safety equipment necessary to operate the at-issue Polaris Ranger side-by-side Utility Task Vehicle, including but not limited to a helmet that was appropriate for use while operating a Utility Task Vehicle and a seat belt; and

p.    In knowing, and allowing Minor Plaintiff to operate the at-issue Polaris Ranger side-by-side Utility Task Vehicle without proper safety equipment, including, but not limited to, a helmet that was appropriate for use while operating a Utility Task Vehicle and a seat belt.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Wolfe in an amount in excess of the jurisdictional limits of compulsory arbitration, together with court costs, interest and all other and further relief permitted by the court.

## COUNT II
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v. Defendant Polaris Industries, Inc.*
**Strict Products Liability – Design Defect**

18.    All preceding paragraphs of this complaint are incorporated by reference.

19.    At all relevant times, Defendant Polaris designed, manufactured, marketed, packaged and/or sold the Polaris Ranger side-by-side Utility Task Vehicle and represented to Plaintiffs, and the public in general, that it was safe, non-defective and suitable for the purposes which it was intended.

20.    Contrary to Defendant Polaris' representations, the Polaris Ranger side-by-side Utility Task Vehicle and/or its components was designed with a defective, hazardous, unsafe and dangerous condition, unfit for the intended use, and unreasonably dangerous to Minor Plaintiff and other users, at the time it left the control of Defendant Polaris, in general and in the following particulars:

a.    In designing the at issue Polaris Ranger side-by-side Utility Task Vehicle with a narrow wheel base which increased the risk of a rollover occurring during the intended use of the Polaris Ranger side-by-side Utility Task Vehicle;

7

b.  In designing the at issue Polaris Ranger side-by-side Utility Task Vehicle with insufficient stability and improper weight distribution which increased the risk of rollover during the intended use of the Polaris Ranger side-by-side Utility Task Vehicle;

c.  In designing the at issue Polaris Ranger side-by-side Utility Task Vehicle with ineffective breaks which when used as intended increase the risk of rollover;

d.  In designing the at issue Polaris Ranger side-by-side Utility Task Vehicle with insufficient safety features, such as nets or doors, which would have decreased the risk of injury following a rollover during the intended use of the Polaris Ranger side-by-side Utility Task Vehicle;

e.  In otherwise designing the at issue Polaris Ranger side-by-side Utility Task Vehicle without a sufficient occupant protection system;

f.  In designing the at issue Polaris Ranger side-by-side Utility Task Vehicle with ineffective wheels and tires that cause the vehicle to slide when the brakes are applied during the intended use of the Polaris Ranger side-by-side Utility Task Vehicle;

g.  In designing the at issue Polaris Ranger side-by-side Utility Task Vehicle with ineffective, lagging steering such that accidents cannot be avoided during the intended use of the Polaris Ranger side-by-side Utility Task Vehicle; and,

h.  In violating industry customs and standards with respect to the design of the Polaris Ranger side-by-side Utility Task Vehicle.

26.  As a direct and proximate result of the product's design defects, plaintiffs were caused, and in the future will be caused, to suffer from the severe personal injuries and damages discussed herein.

27.  Defendant Polaris is strictly liable to plaintiffs for manufacturing, marketing, labeling, packaging and selling a defectively designed product.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits for arbitration, together with court costs, interest and all other relief permitted by the Court.

## COUNT III
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v.*
*Defendant Polaris Industries, Inc.*
### Strict Products Liability – Manufacturing Defect

28.     All preceding paragraphs of this complaint are incorporated by reference.

29.     At all relevant times, Defendant Polaris designed, manufactured, marketed, packaged and/or sold the Polaris Ranger side-by-side Utility Task Vehicle and represented to Plaintiffs, and the public in general, that it was safe, non-defective and suitable for the purposes which it was intended.

30.     Contrary to Defendant Polaris' representations, the at issue Polaris Ranger side-by-side Utility Task Vehicle and/or its components was manufactured with a defective, hazardous, unsafe and dangerous condition, unfit for the intended use, and unreasonably dangerous to Minor Plaintiff and other users, at the time it left the control of Defendant Polaris, in general and in the following particulars:

a.     The Polaris Ranger side-by-side Utility Task Vehicle and/or its components contained manufacturing defects;

b.     The Polaris Ranger side-by-side Utility Task Vehicle was manufactured to have deficient and/or defective stability;

c.     The Polaris Ranger side-by-side Utility Task Vehicle was manufactured with deficient and/or defective occupant protection due to its lack of safety nets and/or doors;

d.     The Polaris Ranger side-by-side Utility Task Vehicle was manufactured with deficient and/or defective brakes;

e.     The Polaris Ranger side-by-side Utility Task Vehicle was manufactured with deficient and/or defective wheels and tires;

9

f.      The Polaris Ranger side-by-side Utility Task Vehicle was manufactured with deficient and/or defective frame and body, such that the stability and/or weight distribution of the vehicle was defective;

g.      The Polaris Ranger side-by-side Utility Task Vehicle was manufactured with deficient and/or defective steering system;

h.      In failing to properly or adequately inspect the at-issue Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts prior to its sale, in order to determine whether it could be used for its intended purpose, carrying passengers and moving large, heavy and/or cumbersome objects and materials, without causing serious injuries to the consumer; and

i.      In violating industry customs and standards with respect to the manufacture of the Ranger side-by-side Utility Task Vehicle.

31.     As a direct and proximate result of the product's manufacturing defects, plaintiffs were caused, and in the future will be caused, to suffer from the severe personal injuries and damages discussed herein.

32.     Defendant Polaris is strictly liable to plaintiffs for manufacturing, marketing, labeling, packaging and selling a defectively manufactured product.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all such relief permitted by the Court.

**COUNT IV**
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v.*
*Defendant Polaris Industries, Inc.*
**Strict Products Liability – Use Defect**

33.     All preceding paragraphs of this complaint are incorporated by reference.

34.     At all relevant times, Defendant Polaris designed, manufactured, marketed, packaged and/or sold the Polaris Ranger side-by-side Utility Task Vehicle and represented to Plaintiffs, and the public in general, that it was safe, non-defective and suitable for the purposes which it was intended.

10

35.    Contrary to Defendant Polaris' representations, the Polaris Ranger side-by-side Utility Task Vehicle and/or its components were sold in a defective, hazardous, unsafe and dangerous condition, unfit for the intended use, and unreasonably dangerous to Minor Plaintiff and other users, at the time it left the control of Defendant Polaris, in general and in the following particulars:

a.    Warnings and instructions were defective in that they failed to disclose reasonably foreseeable dangers attendant in the use of the Polaris Ranger side-by-side Utility Task Vehicle;

b.    Warnings and instructions were inadequate as to the Polaris Ranger side-by-side Utility Task Vehicle's stability;

c.    Warnings and instructions were inadequate on controlling the speed of the Polaris Ranger side-by-side Utility Task Vehicle to control its instability;

d.    Warnings were inadequate on the lack of occupant protection in the Polaris Ranger side-by-side Utility Task Vehicle;

e.    The product's warnings and instructions were defective with respect to the risk of rollover during operation;

f.    Instructions were inadequate as to how to increase occupant protection in the Polaris Ranger side-by-side Utility Task Vehicle;

g.    In causing and allowing Minor Plaintiff to be injured as a result of a dangerous rollover due to the defective design of the Polaris Ranger side-by-side Utility Task Vehicle;

h.    In failing to warn Minor Plaintiff of the narrow wheel base which increased the risk of a rollover occurring during the intended use of the Polaris Ranger side-by-side Utility Task Vehicle;

i.    In failing to provide proper and adequate warnings and instructions for the Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts to users such as Minor Plaintiff;

j.    In disseminating to the public product test results and representations that were defective;

k.    In violating industry customs and standards with respect to the marketing, distribution, and sale of the Polaris Ranger side-by-side Utility Task Vehicle; and

11

l.      In violating industry customs and standards with respect to the use of warnings instructions, or lack thereof, for the Polaris Ranger side-by-side Utility Task Vehicle.

36.      As a direct and proximate result of the product's use defects, plaintiffs were caused, and in the future will be caused, to suffer from the severe personal injuries and damages discussed herein.

37.      Defendant Polaris is strictly liable to plaintiffs for manufacturing, marketing, labeling, packaging and selling a product which was unreasonably dangerous for its intended use due to use defects.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all such relief permitted by the Court.

### COUNT V
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v. Defendant Polaris Industries, Inc.*
### Breach of Express Warranty

38.      All preceding paragraphs of this complaint are incorporated herein by reference.

39.      At all relevant times, Defendant Polaris manufactured and sold the at-issue Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts and Defendant Polaris was in the business of manufacturing and selling the Polaris Ranger side-by-side Utility Task Vehicles and their component parts.

40.      In connection with the sale of the at-issue Polaris Ranger side-by-side Utility Task Vehicle, Defendant Polaris expressly warranted to Minor Plaintiff and/or others that the defective at issue Utility Task Vehicle was safe, non-defective, and fit and proper for its intended use as an off-road and All-Terrain Vehicle.

41.      The at issue Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts were in fact defective, dangerous, unsafe and unfit for their ordinary and intended use.

12

42.    Minor Plaintiff's injuries and damages were caused by Defendant Polaris' breach of the express warranty extended to Minor Plaintiff in connection with the sale and manufacture of the subject Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all such relief permitted by the Court.

## COUNT V
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v.*
*Defendant Polaris Industries, Inc.*
**Breach of Implied Warranties**

43.    All preceding paragraphs of this complaint are incorporated herein by reference.

44.    At all relevant times, Defendant Polaris manufactured and sold the at-issue Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts and Defendant Polaris was in the business of manufacturing and selling the Polaris Ranger side-by-side Utility Task Vehicles and their component parts.

45.    In connection with the sale of the at-issue Polaris Ranger side-by-side Utility Task Vehicle, Defendant Polaris warranted that the Polaris Ranger side-by-side Utility Task Vehicles and their component parts were merchantable, free from defects, and were fit, safe and suitable for their ordinary and intended use by the original purchaser and subsequent purchasers and users.

46.    The at issue Polaris Ranger side-by-side Utility Task Vehicle and/or its component parts were in fact defective, dangerous, unsafe and unfit for their ordinary and intended use.

47.    Minor Plaintiff's injuries and damages were caused by Defendant Polaris' breach of the implied warranty of merchantability and implied warranty of fitness for a particular purpose, or for ordinary use, extended to Minor Plaintiff in connection with the sale and manufacture of the subject Ranger side-by-side Utility Task Vehicle and/or its component parts.

13

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all such relief permitted by the Court.

## COUNT VII
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v.*
*Defendant Polaris Industries, Inc.*
**Fraud by Concealment**

48.    All preceding paragraphs of this complaint are incorporated by reference.

49.    At all times relevant, Defendant Polaris had the duty and obligation to disclose to Minor Plaintiff, the general public, and/or others the true facts concerning the Polaris Ranger side-by-side Utility Task Vehicle; namely, that said product was dangerous and defective, lacking efficacy for its purported use and lacking safety in normal use, and how likely it was to cause serious consequences to users, including injury.

50.    Defendant Polaris made affirmative representations as set forth above to Minor Plaintiff and the general public prior to the date Minor Plaintiff used the product, while concealing material facts.

51.    At all times relevant, Defendant Polaris willfully and maliciously concealed facts, as set forth above, from Minor Plaintiff and the general public, with the intent to defraud as herein alleged.

52.    At all times relevant, Minor Plaintiff was unaware of the facts set forth above, concerning the dangerous, hazardous and defective nature of the Polaris Ranger side-by-side Utility Task Vehicle, and had they been aware of said facts, they would not have acted as they did; namely, they would not have reasonably relied upon said representations of safety and efficacy and utilized the Polaris Ranger side-by-side Utility Task Vehicle.

53.    Defendant Polaris' representations were a substantial factor in Minor Plaintiff utilizing the Polaris Ranger side-by-side Utility Task Vehicle.

14

54.    As a result of the concealment of the facts set forth above, Plaintiffs sustained injuries and damages as described herein.

55.    Defendant Polaris acted with oppression, fraud and malice, and plaintiffs are therefore entitled to punitive damages in an amount reasonably related to plaintiffs' actual damages, and to Defendant Polaris' wealth, and sufficiently large to be an example to others, and to deter Defendant Polaris and others from engaging in similar conduct in the future.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all such relief permitted by the Court.

**COUNT VIII**
*Plaintiff Traci Hibbard, as parent and next friend of K.M., a minor, and in her own right v.*
*Defendant Polaris Industries, Inc.*
**Negligent Misrepresentation**

56.    All preceding paragraphs of this complaint are incorporated by reference.

57.    At all relevant times, Defendant Polaris represented to Minor Plaintiff that the Polaris Ranger side-by-side Utility Task Vehicle was safe to use as a recreational or off-road vehicle, knowing that the product was defective, hazardous and capable of causing the injuries described herein.

58.    Defendant Polaris made the aforesaid representations with no reasonable grounds for believing them to be true when a multitude of data showed the Polaris Ranger side-by-side Utility Task Vehicle to be defective and dangerous when used in its intended manner.

59.    The aforesaid representations were made to Minor Plaintiff prior to the date the product was purchased and used, with the intent that Minor Plaintiff rely upon such misrepresentations about the safety of the Polaris Ranger side-by-side Utility Task Vehicle.

60.    Minor Plaintiff did reasonably rely upon such misrepresentations about the safety of the Polaris Ranger side-by-side Utility Task Vehicle.

15

61.    The representations Polaris Defendant made to Minor Plaintiff were false, and thereby caused the injuries and damages to plaintiffs as described above.

WHEREFORE, Plaintiffs demand judgment for compensatory damages and punitive damages against Defendant Polaris in an amount in excess of the jurisdictional limits of arbitration, together with court costs, interest and all such relief permitted by the Court.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

**FRIDAY & COX, LLC**

By: _Alicia D. Loy_

Peter D. Friday, Esquire
WV I.D. #: 5005
pfriday@fridaylaw.com

Chad P. Shannon, Esquire
WV I.D. #: 9561
cshannon@fridaylaw.com

Alicia D. Loy, Esquire
WV I.D. #: 13899
Aloy@fridaylaw.com

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA 15216
T: (412) 561-4290
F: (412) 561-4291
*Attorneys for Plaintiff*

16

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 6, 2023 a true and correct copy of was served by first class U.S. mail, postage prepaid, upon Defendants, to-wit:

Anthony W. Wolfe
157 Sand Banks Road,
Morgantown, WV 26508

Polaris Industries, Inc.
2100 Highway 55
Medina, MN 55340

**FRIDAY & COX, LLC**

By: _____

Peter D. Friday, Esquire
WV I.D. #: 5005
pfriday@fridaylaw.com

Chad P. Shannon, Esquire
WV I.D. #: 9561
cshannon@fridaylaw.com

Alicia D. Loy, Esquire
WV I.D. #: 13899
Aloy@fridaylaw.com

Friday & Cox LLC
1405 McFarland Road
Pittsburgh, PA 15216
T: (412) 561-4290
F: (412) 561-4291
*Attorneys for Plaintiff*

17

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
K.M., a minor child, by her mother and next friend, TRACI HIBBARD

**DEFENDANTS**
Polaris Industries, Inc.

**(b)** County of Residence of First Listed Plaintiff   Fayette County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peter D. Friday, Esq., Chad P. Shannon, Esq. and Alicia D. Loy, Esq., Friday & Cox LLC, 1405 McFarland Road, Pittsburgh, PA  15216  412.561.4290

Attorneys *(If Known)*
Melissa Foster Bird, Esq. and Shaina D. Massie, Esq., Nelson Mullins Riley & Scarborough LLP, 949 Third Avenue, Suite 200, Huntington, WV  25701  304.526.3500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☒ 365 Personal Injury - | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | ☐ 690 Other | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **SOCIAL SECURITY** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 861 HIA (1395ff) | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 862 Black Lung (923) | Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 864 SSID Title XVI | |
| | | ☐ 550 Civil Rights | ☐ 865 RSI (405(g)) | |
| | | ☐ 555 Prison Condition | **FEDERAL TAX SUITS** | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 462 Naturalization Application | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332 and 1441
Brief description of cause:
Diversity of citizenship.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE _____  DOCKET NUMBER _____

DATE
09-20-23

SIGNATURE OF ATTORNEY OF RECORD
/s/ Melissa Foster Bird, Esq.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**Complaints and Other Initiating Documents**

5:23-cv-11111 Plaintiff v. Defendant

U.S. District Court

Northern District of West Virginia

**Notice of Electronic Filing**

The following transaction was entered by Bird, Melissa on 9/20/2023 at 4:16 PM EDT and filed on 9/20/2023

**Case Name:**      Plaintiff v. Defendant
**Case Number:**    5:23-cv-11111
**Filer:**          Defendant
**Document Number:** 170

**Docket Text:**
NOTICE OF REMOVAL WITH FEE PAID. K.M., a minor child, by her mother and next friend, TRACI HIBBARD v. ANTHONY W. WOLFE, and POLARIS INDUSTRIES, INC. from Monongalia Circuit Court, (case number 23-C-260)Filing Fee $402. Receipt #AWVNDC-3792042., filed by Defendant. (Attachments: # (1) Civil Cover Sheet, # (2) Exhibit A)(Bird, Melissa)

5:23-cv-11111 Notice has been electronically mailed to:

5:23-cv-11111 Notice must be delivered by other means to:

Plaintiff

Defendant

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079362125 [Date=9/20/2023] [FileNumber=3149102-0
] [00272f21b71aa69f65b6d3473100357d640287dd407158fe8e83b8684ba455c1aa4
65ce922bcae0811b317e4bd330b3cda286478ed56d656c6a7a8cf99cb51f81]]
**Document description:**Civil Cover Sheet

Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1079362125 [Date=9/20/2023] [FileNumber=3149102-1
] [6c950a8d7018961a9b1f49cf3670899cdac86c2b75037e3f730dbdb6d07bd2647c
152bca3112f20af4fcd1a6ea2fbb8827cd37558625f94c1f48ac10da356e00]]
Document description:Exhibit A
Original filename:n/a
Electronic document Stamp:
[STAMP dcecfStamp_ID=1079362125 [Date=9/20/2023] [FileNumber=3149102-2
] [86819531f9ae458d693191b0460228dba981c4c53d9c009626c0df12561afa3aaa90
3455af6817ba0ead9069060440dc7eb8a61874c87df62585812534133ddb94d1]]

| Return Receipt (Form 3811) Barcode | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**Return Receipt** (Form 3811) Barcode

9590 9266 9904 2218 3851 37

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

RESTRI
RETURN RE

1. Article Addressed to:

POLARIS INDUSTRIES, INC.
2100 HIGHWAY 55
MEDINA, MN 55340

3. Service Type:
☒ Certified Mail

Reference Information

23-C-260

2. Certified Mail (Form 3800) Article Number

9414 7266 9904 2218 3851 34

PS Form 3811, Facsimile, July 2015                Domestic Return Receipt

**F I L E D**

SEP 26 2023

DONNA HIDOCK, CLERK