IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

KEIMAURI MCGEE,

       Plaintiff,

v.                                         CIVIL ACTION NO. 1:23-CV-74
                                      (KLEEH)

ANTHONY W. WOLFE and
POLARIS INDUSTRIES, INC.,

       Defendants.

### ORDER FOLLOWING MOTIONS HEARING

Pending before the Court is Plaintiff's counsel Peter D. Friday's *Motion to Withdraw as Counsel* [ECF No. 38] and Defendant Polaris Industries, Inc.'s *Motion to Enforce Settlement* [ECF No. 40]. The Court convened for a hearing to take up the motions on March 3, 2025, at 10:00 a.m., at the Clarksburg, West Virginia, point of holding court. Plaintiff Keimauri McGee and attorney Peter D. Friday appeared in-person. Defendant Polaris Industries, Inc. and Anthony W. Wolfe appeared through counsel.

The Court heard arguments from counsel for Plaintiff and Polaris Industries, Inc. and took sworn testimony from Ms. McGee. For the reasons stated herein, as well as those stated on the record, Defendant Polaris Industries, Inc.'s *Motion to Enforce Settlement* [ECF No. 40] is **GRANTED** and Plaintiff's

counsel Peter D. Friday's *Motion to Withdraw as Counsel* [ECF No.

38] is **HELD IN ABEYANCE**.

## I.   DISCUSSION

West Virginia law has long recognized the doctrine of

apparent authority:

> [O]ne who by his acts or conduct has
> permitted another to act apparently or
> ostensibly as his agent, to the injury of a
> third person who has dealt with the apparent
> or ostensible agent in good faith and in the
> exercise of reasonable prudence, is estopped
> to deny the agency relationship.

All Med, LLC v. Randolph Eng'g Co., Inc., 723 S.E.2d 864, 871

(W. Va. 2012) (citing Syl. Pt. 1, Gen. Elec. Credit Corp. v.

Fields, 133 S.E.2d 780 (W. Va. 1963)). Evidence supporting the

existence of apparent authority includes "statements,

conduct, . . . or other manifestations of the principal's

consent[.]" Clint Hurt & Assocs. v. Rare Earth Energy, 480

S.E.2d 529, 536 (W. Va. 1986).

In West Virginia, "[w]hen an attorney appears in court

representing clients there is a strong presumption of his

authority to represent such clients, and the burden is upon the

party denying the authority to clearly show the want of

authority." Syl. Pt. 1, Miranosky v. Parson, 161 S.E.2d 665, 667

(W. Va. 1968). A clear showing is necessary to overcome the

presumption of an attorney's apparent authority to bind his

clients to a settlement agreement. Messer v. Huntington

2

Anesthesia Grp., Inc., 664 S.E.2d 751, 761 (W. Va. 2008). "It is generally accepted that when a client retains an attorney to represent him in litigation, absent an express agreement to the contrary, the attorney has implied authority to conduct the litigation and to negotiate its resolution." Auvil v. Grafton Homes, Inc., 92 F.3d 226, 229-30 (4th Cir. 1996).

Here, there is no contest that Defendant Polaris Industries, Inc. and Ms. McGee agreed to a confidential settlement agreement. Mr. Friday, with authority from Plaintiff, accepted settlement terms in writing on December 30, 2024. Rather, issues arose in effectuating the agreement because Ms. McGee would not sign the Confidential Settlement Agreement and General Release – despite Plaintiff's counsel's multiple efforts. On the record, Plaintiff stated that she did not sign the agreement because she wanted further clarification on the scope of the agreement and Mr. Friday's efforts to explain the agreement were unsuccessful. Specifically, Plaintiff sought clarification that the agreement did not impact continued litigation with Co-Defendant Wolfe. Because there is no dispute that Mr. Friday was authorized to enter the settlement agreement on Ms. McGee's behalf, Defendant Polaris Industries, Inc.'s *Motion to Enforce Settlement* [ECF No. 40] is **GRANTED**.

District courts in the Fourth Circuit have enforced settlements by requiring the recalcitrant party to execute the

necessary documents that memorialize the agreements. For example, in Schott Corp. v. Am. Ins. Co., No. 6:04-0191, 2006 WL 2988460, at *4 (S.D.W. Va. Oct. 17, 2006), Judge Faber granted the plaintiff's motion to enforce a settlement agreement, directing the parties "to draft and execute a Settlement Agreement and Release that conforms with the terms of their settlement agreement . . . ." The Court, therefore, finds it appropriate to do the same here. Ms. McGee is **ORDERED** to sign the settlement agreement and release on or before **March 14, 2025**.

Further, Plaintiff's counsel Peter D. Friday's *Motion to Withdraw as Counsel* [ECF No. 38] is **HELD IN ABEYANCE**. Plaintiff's counsel shall aid in the execution of the settlement agreement with Polaris Industries, Inc. At such time that the Confidential Settlement Agreement and General Release is signed, and any settlement checks are disbursed, Plaintiff's counsel may renew his motion for withdrawal as it pertains to the continued litigation. If necessary, the Court would grant a motion to withdraw, upon the appearance of Ms. McGee's new counsel.

## II.  CONCLUSION

For the reasons stated above, as well as those stated on the record, Defendant Polaris Industries, Inc.'s *Motion to Enforce Settlement* [ECF No. 40] is **GRANTED** and Plaintiff's counsel Peter D. Friday's *Motion to Withdraw as Counsel* [ECF No.

38] is **HELD IN ABEYANCE**. Ms. McGee is **ORDERED** to sign the settlement agreement and release on or before **March 14, 2025.**

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record and to Plaintiff Keimauri McGee by certified mail, return receipt requested.

DATED: March 4, 2025

_Tom 8 Kluh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA