UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

KEIMAURI MCGEE,

           Plaintiff,                             Civil Action No.  1:23-cv-00074
                                                          Hon. Thomas S. Kleeh, Judge

vs.

ANTHONY W. WOLFE,

           Defendant.

**DEFENDANT WOLFE'S RESPONSE TO
PLAINTIFF'S MOTION TO APPORTION DAMAGES [DOC 56]**

      Now comes the defendant Anthony W. Wolfe, by counsel G. Thomas Smith, Esquire, M. Winiesdorffer-Schirripa, Esquire and the firm of Smith Law, PLLC, as directed by this Court in the Order found at [DOC 57] to file his response to Plaintiff's Motion [DOC 56].

      1.     Defendant Wolfe has no objections to Plaintiff's efforts to have this Court apportion her damages for purposes of determining the extent of the Pennsylvania Department of Human Service's lien as long as these efforts do not derail the underlying settlement, which was reached in good faith.

      2.     Defense counsel agrees with the representations found in [DOC 56] at page 8 in that the Plaintiff's "path to a collectable verdict in this case was daunting."

      3.     There is no dispute between the parties that a settlement has not been reached between them, nor does Plaintiff in her Motion [DOC 56] argue that it should not be enforced.  In fact, the agreement reached between the Plaintiff and Defendant Wolfe was not contingent upon the aforesaid lien being reduced but in fact was contingent upon the Plaintiff agreeing to address any liens out of the settlement proceeds and/or agreeing to be responsible for the same.  *See* Exhibit

A, which is the email exchange confirming settlement; and Exhibit B which is the notarized Release endorsed by the Plaintiff.

4.        "[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements." Hensley v. Alcon Laboratories, Inc., 277 F. 3d 535, 540 (4th Cir. 2002).  In order "to enforce a settlement agreement, a district court (1) must find that the parties reached a complete agreement and (2) must be able to determine its terms and conditions."  Id at 541; *citing to* Moore v. Beaufort County, 936 F. 2d 159, 162 (4th Cir. 1991); Ozyagcilar, 701 F. 2d at 308.  "[H]aving second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement." Hensley at page 540 *citing* Young v. FDIC, 103 F.3d 1180, 1195 (4th Cir. 1997).

WHEREFORE, for all the foregoing reasons, Defendant Wolfe makes no objection to Plaintiff's Motion [DOC 56] as long as the same does not undue the settlement of the Plaintiff's claims made against him in this case as there is not a dispute between the parties that a settlement has not been reached and respectfully requests any order entered by this Court reflect this fact as well as any other relief this Court deems appropriate.

Respectfully submitted,

/s/ M. Winiesdorffer-Schirripa
M. Winiesdorffer-Schirripa, Esq.
(WV #8023) (OH #102023)
G. Thomas Smith, Esq.
(WV #4617) (OH #102024)
SMITH LAW, PLLC
516 W. Main Street
Clarksburg, WV  26301
(304) 905-8850; (304) 277-8299 fax
(304) 326-6000; (304) 326-4000 fax
mwschirripa@comcast.net
tomsmith@smithlawpllc.net

*Counsel for Defendant Anthony W. Wolfe*

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

KEIMAURI MCGEE,

              Plaintiff,                             Civil Action No.  1:23-cv-00074
                                                        Hon. Thomas S. Kleeh, Judge

vs.

ANTHONY W. WOLFE,

              Defendant.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on **July 25, 2025**, I electronically filed **DEFENDANT WOLFE'S RESPONSE TO PLAINTIFF'S MOTION TO APPORTION DAMAGES [DOC 56]** with the Clerk of the Court using the CM/ECMF system which sends a true and correct copy of the same by email to active counsel of record listed below as well as by facsimile transmission to PA Department of Human Services as noted below:

| | |
|---|---|
| Edmund L. Wagoner, Esq. | PA Department of Human Services |
| HANSBERRY & WAGONER, PLLC | Attention Division of 3rd Party Liability, |
| 265 High Street, 3rd Floor | TPL Agent Christopher Fultz |
| Morgantown, WV  26505 | PO Box 8486 |
| eddie@hanswag.com | Harrisburg, PA  17105 |
| *Counsel for Plaintiff* | 1.717.772.6553 |

Respectfully submitted,

/s/ M. Winiesdorffer-Schirripa
M. Winiesdorffer-Schirripa, Esq.
(WV #8023) (OH #0102023)
G. Thomas Smith, Esq.
(WV #4617) (OH #0102024)
SMITH LAW, PLLC
516 W. Main Street
Clarksburg, WV  26301
(304) 905-8850; (304) 277-8299 fax
(304) 326-6000; (304) 326-4000 fax
mwschirripa@comcast.net
tomsmith@smithlawpllc.net
*Counsel for Defendant Anthony W. Wolf*

3